UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER Y. USENKO, derivatively on behalf of the SunEdison Semiconductor Ltd. Retirement Savings Plan,<br><br>        Plaintiff,<br><br>   vs.<br><br>SUNEDISON SEMICONDUCTOR LLC, THE INVESTMENT COMMITTEE OF THE SUNEDISON SEMICONDUCTOR RETIREMENT SAVINGS PLAN, HEMANT KAPADIA, PENNY CUTRELL, STEVE EDENS, KAREN STEINER, CHENG YANG, and BEN LLORICO,<br><br>        Defendants. | No. 4:17-cv-02227-AGF |

## **MEMORANDUM AND ORDER**

This action is brought under the Employee Retirement Income Security Act of 1974, ("ERISA"), claiming breach of fiduciary duties by Defendants, the fiduciaries of an ERISA-governed retirement savings plan (the "Plan") sponsored by Defendant SunEdison Semiconductor, LLC ("Semi"), for permitting Semi employees to continue to hold the stock of Semi's former parent company, SunEdison, Inc. ("SUNE"), as a retirement investment option. Plaintiff Alexander Usenko filed this action derivatively on behalf of the Plan and, in the alternative, as a putative class action.

The matter is now before the Court on the motion (ECF No. 31) of Defendants Semi and the Investment Committee of the Plan to dismiss with prejudice the amended

complaint,[1] in which the individual Defendants Hemant Kapadia, Steve Edens, Cheng Yang, and Ben Llorico have joined (ECF No. 50).[2] For the reasons set forth below, the motions to dismiss will be granted.

## BACKGROUND

Semi was previously a subsidiary of SUNE but became an independent entity in 2014, following an initial public offering. According to the amended complaint, Defendants breached their fiduciary duties when they ignored public information regarding the instability of SUNE and permitted Semi employees to retain SUNE stock during the "Relevant Period," defined as July 20, 2015, to April 21, 2016, while the price of that stock collapsed. Plaintiff argues that the Plan suffered losses that would have been avoided, in whole or in part, had Defendants complied with their fiduciary duties.

Plaintiff's amended complaint contains a single count, alleging the following breaches of fiduciary duty against all Defendants: (1) allowing employees to continue holding the stock of SUNE throughout the Relevant Period notwithstanding that, based on public information regarding the instability of SUNE, Defendants knew or should have known that the stock was no longer a prudent investment; (2) failing to properly monitor

---

[1] Plaintiff's original complaint was substantively identical to the amended complaint but identified the now-named individual Defendants as "John Does." Defendants Semi and the Investment Committee moved to dismiss this complaint on September 28, 2017, but rather than respond to that motion, Plaintiff moved for leave to file the current amended complaint. The Court granted that motion as unopposed, and denied the original motion to dismiss as moot. Defendants thereafter filed the current motions to dismiss.

[2] Upon review of the record, the Court notes that the file contains no proof of service upon, or entry of appearance on behalf of, the remaining Defendants, Penny Cutrell and Karen Steiner. Because it does not appear that service of Plaintiff's complaint has been timely made upon these two Defendants, as required by Federal Rule of Civil Procedure 4(m), the Court will dismiss Plaintiff's complaint against them without prejudice.

the propriety of the Plan's investment in the SUNE stock throughout the Relevant Period; and (3) breaching their co-fiduciary obligations by knowingly participating in each other's breaches as described above.

In their motion to dismiss, Defendants argue that Plaintiff's claims are foreclosed by the United Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), and its progeny. *Dudenhoeffer* held with respect to public information claims against ERISA fiduciaries that:

> [W]here a stock is publicly traded, allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock are implausible as a general rule, at least in the absence of special circumstances . . . affecting the reliability of the market price as an unbiased assessment of the security's value in light of all public information.

*Dudenhoeffer*, 134 S. Ct. at 2471-72 (citations omitted). Defendants contend that the amended complaint does not cite any special circumstances affecting the reliability of the market price; rather, the amended complaint "confirm[s] that the market was capable of processing, and in fact *did* process and react to, publicly available information regarding SUNE by lowering the SUNE stock price throughout the Relevant Period." ECF no. 32 at 12.

Defendants further argue that Plaintiff cannot evade *Dudenhoeffer* by characterizing his claim as one based on excessive risk of the SUNE stock or failure to adequately monitor the Plan's investments, because *Dudenhoeffer* applies equally to public information claims alleging that a stock is too risky, and because even if Plaintiff could plausibly allege that Defendants abandoned any duty to monitor (which Defendants

3

dispute), a breach of the duty to monitor, alone, is insufficient to state a claim based on public information in light of *Dudenhoeffer*. Finally, Defendants contend that Plaintiff's claim for co-fiduciary breach should be dismissed as it is purely derivative of Plaintiff's deficient claim for breach of fiduciary duty.

In response, Plaintiff argues that *Dudenhoeffer* is limited to public information claims involving "employer securities," or an employee-owned stock ownership plan ("ESOP"), and does not apply to claims involving the stock of a different company, like this one involving the stock of Semi's former parent company. Second, Plaintiff argues that *Dudenhoeffer* does not apply to claims asserting that a stock was excessively risky, as opposed to overvalued. Finally, Plaintiff contends that his failure-to-monitor claim can stand alone. Alternatively, Plaintiff requests that if the Court agrees with Defendants, Plaintiff should be given leave to amend.

In reply, Defendants contend that *Dudenhoeffer* applies to all public information claims involving "publicly traded stock," regardless of whether the stock is an employer security. Defendants also reiterate their arguments that Plaintiff cannot evade *Dudenhoeffer* by framing his claims in terms of excessive risk or a failure to monitor. Next, Defendants note that Plaintiff failed to respond to their argument in support of dismissal of the claim for co-fiduciary breach. Finally, Defendants contend that Plaintiff should not be permitted to amend his complaint, as he has already amended once, and he has failed to identify any basis for further, non-futile amendment.

On December 20, 2017, Defendants filed a notice of supplemental authority, notifying the Court of *Yates v. Nichols*, No. 3:17CV1389, 2017 WL 6451888 (N.D.

Ohio Dec. 18, 2017), a recent federal district court decision rejecting the arguments Plaintiff raises here, including that *Dudenhoeffer* applies only to employer securities. With the Court's leave, Plaintiff filed a memorandum of law in response to Defendants' notice, and Defendants filed a short reply.

## **DISCUSSION**

### **Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015).

### **Public Information Claim**

ERISA imposes duties of loyalty and prudence on a plan fiduciary. 29 U.S.C. § 1104(a)(1)(A)-(B). Prudence requires the fiduciary to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id*. This includes choosing wise investments and monitoring investments to remove imprudent ones. *Tibble v. Edison*

5

*Int'l*, 135 S. Ct. 1823, 1828-29 (2015).

The Court agrees with Defendants that *Dudenhoeffer* forecloses Plaintiff's claims. In *Dudenhoeffer*, the Supreme Court declined to define the standard for a special circumstance that would permit a plaintiff's public information claim to survive a motion to dismiss. *Dudenhoeffer*, 134 S. Ct. at 2472. However, the special circumstance would need to be pled as a circumstance "affecting the reliability of the market price as an unbiased assessment of the security's value in light of all public information." *Id.* Plaintiff admittedly has not pled such a special circumstance. Moreover, although the Eighth Circuit has also not yet addressed the question of what constitutes a "special circumstance" that would render reliance on the market price imprudent, a number of other federal courts at the district and appellate level have found that a company's "serious deteriorating condition" is not one. *See, e.g., Roe v. Arch Coal, Inc.*, No. 4:15-CV-910 (CEJ), 2017 WL 3333928, at *3-4 (E.D. Mo. Aug. 4, 2017) (collecting cases).

Nor is the Court persuaded by Plaintiff's various attempts to distinguish *Dudenhoeffer*. First, the Court rejects Plaintiff's argument that *Dudenhoeffer*'s pleading standard for public information claims is limited to ESOP fiduciaries. In *Dudenhoeffer*, the Supreme Court held that "the same standard of prudence applies to all ERISA fiduciaries, including ESOP fiduciaries,"[3] and in all cases, an ERISA fiduciary is not imprudent "to assume that a major stock market provides the best estimate of the value of the stocks traded on it," absent special circumstances

---

[3] The only difference the Supreme Court noted is that ESOP fiduciaries "need not diversify the fund's assets." *Dudenhoeffer*, 134 S. Ct. at 2463.

affecting the reliability of the market price. *Dudenhoeffer*, 134 S. Ct. at 2463. Nothing in *Dudenhoeffer*'s discussion of the standard for public information claims suggests that the holding is limited to employer securities. *See Yates*, 2017 WL 6451888, at *4 (same). Nor has Plaintiff cited, or the Court found, any case law limiting *Dudenhoeffer* in such a way.

Second, the Court agrees with those federal courts that have found that *Dudenhoeffer* forecloses breach of prudence claims based on public information "irrespective of whether such claims are characterized as based on alleged overvaluation or alleged riskiness of a stock." *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 66 (2d Cir. 2016); *Saumer v. Cliffs Nat. Res. Inc.*, 853 F.3d 855, 862 (6th Cir. 2017) (same). The plaintiffs in *Dudenhoeffer*, too, alleged that "the fiduciaries knew or should have known that Fifth Third's stock was . . . excessively risky." *Dudenhoeffer*, 134 S. Ct. at 2464. And such an allegation did not preclude the application of the heightened pleading standard.

Lastly, the Court agrees with Defendants that Plaintiff's primary claim is that Defendants made imprudent decisions, not that Defendants abandoned their decision-making duties, and "[n]either *Dudenhoeffer* nor *Tibble* permits ERISA claims to withstand challenge based on such threadbare allegations" that the defendants did not monitor a plan's investments. *In re Lehman Bros. Sec. & ERISA Litig.*, 113 F. Supp. 3d 745, 758 (S.D.N.Y. 2015), *aff'd sub nom. Rinehart*, 817 F.3d at 56. The Court further agrees that Plaintiff's failure-to-monitor allegations cannot save their otherwise deficient public information claims. *See, e.g.*, *Saumer*, 853 F.3d at 862 (upholding a district court's

determination that a plaintiff's allegations that fiduciaries' failure to engage in a reasoned decision-making process regarding the prudence of company stock did not constitute a special circumstance and could not save their public information claims); *Roe*, 2017 WL 3333928, at *2 (same); *see also Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010) (holding that failure-to-monitor claims derivative of imprudent investment claims cannot "survive without a sufficiently pled theory of an underlying breach"). In sum, the Court will dismiss Plaintiff's breach of fiduciary duty claims.

**Co-Fiduciary Breach Claims**

Plaintiff does not dispute that his co-fiduciary breach claims are merely derivative of his breach of fiduciary duty claims. Therefore, the Court will dismiss these claims, too. *Roe,* 2017 WL 3333928, at *7 ("Because there was no breach of duty on behalf of the Arch Defendants, Mercer cannot be liable as a co-fiduciary for the same conduct.").

**Leave to Amend**

Because the Court has already permitted Plaintiff to amend his complaint once, and because Plaintiff has not explained the basis for his amendment or shown that such amendment would not be futile, the Court will deny Plaintiff's request for leave to amend.

**Oral Argument**

The Court notes that Plaintiff has requested oral argument on the motion to dismiss. But in light of the extensive briefing permitted by the Court, including the opportunities to submit and respond to supplemental authorities, as well as ample case law governing the relevant issues, the Court believes that oral argument is unnecessary.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss with prejudice, filed by Defendants SunEdison Semiconductor, LLC, the Investment Committee of the SunEdison Semiconductor Retirement Savings Plan, Hemant Kapadia, Steve Edens, Cheng Yang, and Ben Llorico, are **GRANTED**. ECF Nos. 31 & 50.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Penny Cutrell and Karen Steiner are **DISMISSED without prejudice**, for lack of timely service.

All claims against all parties having been resolved, the Court will enter a separate Order of Dismissal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2018.